

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable G. C. Murrell
County Judge
Sterling County
Sterling City, Texas

Dear Sir:

Opinion No. O-6427
Re: Authority of Commissioners'
Court to call election for
allocation of tax levies.

We are in receipt of your request for an opinion
on the above matter. Article 4399 of Vernon's Annotated Civil
Statutes prohibits our giving you an opinion thereon, but, since
you have neither a county attorney nor a county auditor in your
county and the district attorney of that district does not live
there, we have decided to answer said request, which is in part
as follows:

"Since H. J. R. No. 18, which is the Consti-
tutional Amendment to Art. 8, Sec. 9 of the Con-
stitution, does not set out the procedure for call-
ing and holding an election for allocation of tax
levies, I will appreciate your opinion on the fol-
lowing:

"Does the Commissioners Court have the
authority, without a petition of the tax payers, to
call such an election, and if so, under what election
law should they proceed? Is this Amendment now in ef-
fect, or does it take an enabling act of the Legisla-
ture?

". . . ."

Article 8, Section 9 of the Constitution of Texas, as
amended by H. J. R. No. 18, reads in part as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. G. C. Murrell, Page 2

". . .; provided further, that before the said Commissioners Court may make such re-allocations and changes in said county taxes that the same shall be submitted to the qualified property tax paying voters of such county at a general or special election, and shall be approved by a majority of the qualified property tax paying voters, voting in such election; and, provided further, that if and when such re-allocations and changes in the aforesaid county taxes have been approved by the qualified property tax paying voters of any county, as herein provided, such re-allocations and changes shall remain in force and effect for a period of six (6) years from the date of the election at which the same shall be approved, unless the same again shall have been changed by a majority vote of the qualified property tax paying voters of such county, voting on the proposition, after submission by the Commissioners Court at a general or special election for that purpose; . . . ."

It is our opinion that the above quoted portion of said Amendment to the Constitution authorizes the calling of an election by the Commissioners' Court without a petition of the taxpayers. Therefore, your first question is answered in the affirmative.

In the event the Commissioners' Court orders that the re-allocation and changes in the county tax levies, as authorized under Article 8, Section 9 of the Constitution of Texas, as so amended, be submitted to the voters of said county, such election will be governed by the applicable portions of the procedure set out in Title 50 of Vernon's Annotated Civil Statutes, and especially Chapters 4 to 9, inclusive, thereof.

In our opinion No. O-6278, a copy of which is handed you herewith, we held that Article 8, Section 9 of the Constitution of Texas, as amended by H. J. R. No. 18, was self-executing, therefore, you are advised that it is now in effect and does not take an enabling act of the Legislature.

Trusting that this satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jas. W. Bassett
Jas. W. Bassett
Assistant

APPROVED
OPINION COMMITTEE
BY A.W.
CHAIRMAN

JWB:rb